UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICK RUMLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-1248-JDT-TAB |
| ) | |
| GENERAL REVENUE CORP., ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING DEFENDANT'S BILL OF COSTS[1]

On May 1, 2007, this court granted the Defendant's summary judgment motion and entered judgment in its favor on Plaintiff's complaint. On May 18, 2007, Defendant filed its Bill of Costs (Doc. #63) seeking an award of costs in the amount of $2,254.81. Plaintiff objects to Defendant's request for taxation of costs, arguing that the request is untimely.

Defendant's Bill of Costs was not timely filed. Local Rule 54.1 provides that a prevailing party has "14 days from the *entry* of final judgment to file and serve a Bill of Costs." (emphasis added). Defendant's Bill of Costs was not filed within that time frame. However, Defendant maintains that it should either be given three additional days under Fed. R. Civ. P. 6(e) or be granted additional time due to excusable neglect, because it believed that the three extra days provided by Fed. R. Civ. P. 6(e) applied.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

The language in Rule 6 which Defendant refers to states that "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire . . . ." In this circumstance, Defendant had 14 days from "entry" of the final judgment, not "service" of the final judgment, in which to act by filing any request for costs. Defendant's belief that the extra three days provided by Rule 6 would be applicable to this situation was misguided.

Local Rule 54.1 does provide that the court can extend time for filing a Bill of Costs for "good cause shown."[2] However, unfamiliarity with the application of the Federal Rules of Civil Procedure is not excusable neglect. *See Marane v. McDonald's Corp.*, 755 N.E.2d 106, 111 (7th Cir. 1985). The same is true with respect to the court's Local Rules. The Bill of Costs (Doc. #63) was tardy and the lateness is not excused. The purpose of the deadline set by the Local Rule is to move the collateral matter of costs at a rapid rate so challenges on that subject can be included as issues to be addressed in a single appeal, if any. Accordingly, Defendant's request for taxation of

---

[2] But the Defendant did not seek an extension of time within which to file its Bill of Costs anyway. Local Rule 54.1 states that the "[f]ailure . . . to obtain leave of Court for extensions of time within which to file [a Bill of Costs] shall be deemed a waiver of the right to recover taxable costs. . . ." Thus, Defendant's failure to obtain an extension of time is deemed a waiver of any right it may have had to recover costs.

costs in the amount of $2,254.81 is **DENIED** and the Clerk is instructed not to tax costs in this matter.

ALL OF WHICH IS ORDERED this 30th day of May 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Scott Martin Dillon
scottdillon@hotmail.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com